**IN THE UNTED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK LONON<br>7336 N. Bouvier St.<br>Philadelphia, PA 19126<br><br>Plaintiff,<br><br>v.<br><br>INTECH CONSTRUCTION, INC.<br>d/b/a INTECH Construction<br>3020 Market St.<br>Philadelphia, PA 19104<br><br>Defendant. | : | CIVIL ACTION<br><br>NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Patrick Lonon (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by INTECH Construction, Inc. (*hereinafter* referred to as "Defendant") of the Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)) and the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq*.).[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

[1] Plaintiff is simultaneously filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant for violations under the Americans with Disabilities Act ("ADA"), including disability discrimination and retaliation. Plaintiff is dual filing his Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") for violations of the Pennsylvania Human Relations Act ("PHRA"). Plaintiff intends to amend the instant Civil Action Complaint to include such claims under the ADA, PHRA and the Philadelphia Fair Practices Ordinance once they have been fully administratively exhausted with the aforesaid agencies.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a Philadelphia-based construction company located at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant in or about June of 2020 as a skilled laborer.

11. Throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee, who performed his job well.

12. During his brief tenure with Respondent, Plaintiff was supervised by Tom (last name unknown) – Foreman/Supervisor.

13. Plaintiff was also indirectly supervised by other members in Defendant's management heirarchy, including but not limited to Mike (last name unknown – "Mike"), Lee (last name unknown – "Lee"), Ray (last name unknown – "Ray"), and Brian (last name unknown – "Brian").

14. On April 1, 2020, the Families First Coronavirus Response Act ("FFCRA") became effective for all eligible employees through December 31, 2020.

15. Effective April 1, 2020, the FFCRA (through the Emergency Paid Sick Leave Act) provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19, which includes:

- The employee is experiencing symptoms of COVID–19 and seeking a medical diagnosis.

*See* FFCRA, at §§ 5102(a) and (b)(A).

16. Due to the COVID-19 pandemic, employees of Defendant were required each day to report any flu-like symptoms and have their temperature taken by a nurse before being permitted to clock-in for work.

17. On or about November 4, 2020, Plaintiff was at home and started to experience a headache, cold sweats, chills, and lower back pain.

18. Plaintiff reported to work the next day, but before he was permitted to clock-in, Plaintiff's temperature was taken by Defendant's nurse and he was questioned about whether he

had any flu-like symptoms.

19. Plaintiff's temperature on the day in question was approximately 96 degrees but when asked if he had any flu-like symptoms, Plaintiff reported the aforesaid symptoms he was experiencing (discussed *supra*).

20. Plaintiff was informed by Defendant's nurse that he was not permitted to work due to his aforesaid symptoms and would be required to undergo a COVID-19 test before he was able to return to work.

21. Plaintiff clarified the nurse's directive (discussed *supra*) with Ray, who confirmed that Plaintiff would not be permitted to return to work until he underwent a COVID-19 test.

22. On the same day, Plaintiff also apprised Tom and Lee of his inability to work as a result of experiencing COVID-19 related symptoms and having to undergo a COVID-19 test.

23. On or about November 6, 2020, Plaintiff did as was directed by Defendant and made an appointment to undergo a COVID-19 test, which he was able to schedule for Sunday, November 8, 2020.

24. Plaintiff thereafter forwarded the email confirming his COVID-19 test to Defendant's management (specifically Ray and Tom), who both confirmed receipt.

25. On that same day, November 6, 2020, Plaintiff received a call from his union hall inquiring about Plaintiff's work status. Plaintiff informed his union hall that he was experiencing symptoms of COVID-19 and was told by Defendant's nurse and management that he was not permitted to return to work until he had a COVID-19 test.

26. During his conversation with an agent from his union hall on November 6, 2020, Plaintiff was informed that Brian was contemplating laying Plaintiff off purportedly because no one in Defendant's management was aware of Plaintiff's work status and had accused Plaintiff of arriving to work late on November 5, 2020 and then abruptly leaving – which is completely

false.

27. Following this conversation with his union hall (discussed in Paragraph 26), Plaintiff did not hear anything from Defendant or his union hall regarding the status of his continued employment with Defendant.

28. On November 13, 2020, Plaintiff followed up with Tom and informed him that he was still waiting on his COVID-19 test results, to which Tom informed Plaintiff that Brian had sent his paycheck in the mail.

29. On or about November 16, 2020, Plaintiff again contacted Tom to let him know that he anticipated getting his COVID-19 test results back soon and would keep Defendant apprised of same. Tom responded to Plaintiff stating that there must have been some miscommunication on Friday when they last spoke and then proceeded to tell Plaintiff that he had been laid off.

30. When Plaintiff inquired with his Tom about the reason for his “lay-off,” Tom stated that it was “in Ray’s hands.”

31. When Plaintiff asked Tom who else was being laid off besides him, he was told that another skilled laborer by the name of Mike was also being laid off. However, upon information and belief, Mike was leaving for military duty and was not actually selected for a layoff (like Plaintiff).

32. Plaintiff was not informed that his lay off was due to any misconduct on his part and it did not appear that Plaintiff’s separation was part of a larger layoff, as no other employees of Defendant were laid off at the same time as Plaintiff and there was plenty of work for Plaintiff to perform had Defendant allowed him to return following his brief medical leave under the FFCRA.

33. Following his conversation with Tom on November 16, 2020, Plaintiff attempted

to contact Ray for clarification on the reason for his separation, but Ray never responded to Plaintiff's attempts to communicate with him.

34. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant in violation of the FFCRA and FLSA.

**COUNT I**
**Violations of the Families First Coronavirus Response Act ("FFCRA") & the Fair Labor Standards Act ("FLSA")**
**([1] Wrongful Termination; [2] Unpaid Wages; and [3] Retaliation)**

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA, at §§ 5102(a) and (b)(A).

37. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

38. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. *Id.* at § 5110(2)(B)(aa).

39. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who was "experiencing symptoms of COVID-19 and seeking a medical diagnosis" under the FFCRA, § 5102(a)(2) and (3).

40. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

41. Plaintiff requested paid sick leave for, at most, a two-week period while he was "experiencing symptoms of COVID-19 and seeking a medical diagnosis."

42. It is also unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." *Id.* at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id.* at § 5105(b)(1).

43. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id.* at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

44. Defendant committed retaliation violations under the FFCRA and FLSA by terminating Plaintiff in retaliation for requesting and/or utilizing emergency paid sick leave under the FFCRA and the FLSA.

45. In addition to the foregoing, Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" for the two-week emergency paid sick leave period due to COVID-19 concerns. *See Id.* at § 5110(5)(A)(ii)(I).

46. An employer who fails to pay an employee wages under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id.* at § 5105(a)(1).

47. By virtue of Plaintiff's termination for and because of a protected medical leave and/or leave request, he was denied a statutory entitlement of sick pay.

48. As a result of Defendant's willful failure to pay Plaintiff the aforesaid compensation due him, Defendant violated the FFCRA and the FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

49. These actions as aforesaid constitute violations of the FFCRA and the FLSA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, leave pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive/liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________________

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 21, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Patrick Lonon | : | CIVIL ACTION |
| v. | : | |
| Intech Construction, Inc. d/b/a Intech Construction | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 12/21/2020 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7336 N. Bouvier Street, Philadelphia, PA 19126

Address of Defendant: 3020 Market Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendant's place of business

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/21/2020 ______________ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☒ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12/21/2020 ______________ *Attorney-at-Law / Pro Se Plaintiff* ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LONON, PATRICK

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

INTECH CONSTRUCTION, INC. D/B/A INTECH CONSTRUCTION

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- X 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
FFCRA - Pub. L. No. 116-127, 134 Stat. 178 (2020); FLSA (29USC201)

Brief description of cause:
Violations of the FFCRA and the FLSA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER ________

DATE: 12/21/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

Print | Save As... | Reset